IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA,**

      **Plaintiff,**

      v.                                        CR. No. 16-4366 JCH

**RANDY PAYTON,**

      **Defendant.**

## MEMORANDUM OPINION AND ORDER

This case is before the Court on Defendant Randy Payton's *Opposed Motion for Sentence Reduction under Guideline Amendment 821* (ECF No. 47), in which he asks the Court to reduce his sentence to 115 months imprisonment. (Def.'s Mot. 2, ECF No. 47.) The United States filed a response, arguing it should be denied because Defendant failed to meet his burden to show that a reduction is consistent with the factors set forth in 18 U.S.C. § 3553(a). (Gov.'s Resp. 4-7, ECF No. 51.) Defendant filed a reply in support of his motion. (Def.'s Reply, ECF No. 52.) For the reasons stated herein, the Court will deny the motion.

## FACTUAL BACKGROUND

On November 15, 2016, a federal grand jury returned an indictment against Defendant for voluntary manslaughter under 18 U.S.C. §§ 1153 and 1112(a), for the unlawful killing of John Doe on October 14, 2016, upon a sudden quarrel and heat of passion. (Indictment, ECF No. 14). Defendant pled guilty to the indictment under Rule 11(c)(1)(C), agreeing to a sentence between seven years (84 months) and thirteen years (156 months) imprisonment. (*See* Plea Agreement 1, 4, ECF No. 32.)

According to the Office of the Medical Examiner, John Doe, Defendant's domestic partner, died from blunt force trauma to the head, torso, and bilateral upper extremities, and he had broken ribs and broken arms. (PSR 5-6, ECF No. 37.) After initial telling law enforcement different stories about men coming into the residence and beating up John Doe, Defendant eventually admitted that the two men got into a physical fight. (*Id.* at 3-6.) Both men were intoxicated when Defendant, among other things, struck John Doe on his face and head, kicked him, broke his ribs and arms, and caused his death. (*See id.* at 4-5.)

On October 24, 2017, United States Probation filed a corrected PSR (ECF No. 37). According to the PSR, Defendant's total offense level was 26, (*id.* at 7), and he had a criminal history category of V, (*id.* at 24). His criminal convictions were: (i) Driving Under the Influence of Alcohol/Drugs in 2006; (ii) Intoxication in 2007; (iii) Violation of Protection Order in 2007; (iv) Attempted to Violate Protect Order – Spouse Abuse in 2007; (v) Attempted Violation of Protection Order in 2007; (v) Joy Riding, Driving Under the Influence of Intoxicants, Driving Under Alcohol Restriction in 2007; (vi) Escape from Custody in 2008; (vii) Battery against a female occupant of the residence in 2008; (viii) Criminal Trespass in 2008; (ix) Obstruction in 2009; (x) Domestic Battery against his fiancé by grabbing her throat and Battery on a Law Enforcement Officer in 2009; (xi) Criminal Mischief for busting a window of a saloon in 2010; (xii) Assault arising from punching a man in the head in 2011; (xiii) Defrauding an Innkeeper when he failed to pay for food at a restaurant in 2011; (xiv) Assault (3rd Degree) for striking his brother across his face at least two times in 2011; (xv) Disorderly Conduct and Battery based on threats to and pushing his grandfather in 2012. (PSR 7-14, ECF No. 37.) The PSR recommended that the Court add two points under USSG § 4A1.1(d) because he committed the offense while

under a criminal justice sentence, resulting in a total criminal history score of 10 and a criminal history category V. (*Id.* at 14.)

At the time, his resulting guidelines imprisonment range was 110 to 137 months, with a maximum allowable statutory term of imprisonment of 180 months. (PSR 24, ECF No. 37.) On March 8, 2018, the Court sentenced Defendant to 137 months imprisonment to be followed by three years of supervised release. (Judgment 2-3, ECF No. 44.)

On February 5, 2024, the United States Probation Office submitted a memorandum stating its belief that Defendant "is now eligible for a reduction from the criminal history category of V to IV under § 4A1.1(e) regarding 'status points', being under a criminal justice sentence," such that the resulting guidelines imprisonment range is 92 to 115 months. (Mem. 1, ECF No. 45.) Defendant subsequently filed a motion asserting that a reduction in sentence to 115 months imprisonment "is consistent with the Sentencing Reform Act, the guideline policy statements, and 18 U.S.C § 3553(a)." (Def.'s Mot. 2, ECF No. 47.) While the Government agrees with Defendant and Probation that he is eligible for a reduction, it contends the Court should deny the motion based on the 18 U.S.C. § 3553(a) factors, because a "sentence reduction would not promote respect for the law, provide just punishment, provide for adequate deterrence, and most significantly, protect the public from any future crimes of Defendant." (Gov.'s Resp. 7, ECF No. 51.)

## **APPLICABLE LAW**

A district court does not have inherent authority to modify a previously imposed sentence except in a few very limited circumstances. *United States v. Mannie*, 971 F.3d 1145, 1148 (10th Cir. 2020); *United States v. Mendoza*, 118 F.3d 707, 709 (10th Cir. 1997). As relevant here, a court may modify a sentence when expressly permitted by statute. *Mannie*, 971 F.3d at 1148. Under 18 U.S.C. § 3582(c)(2), a sentence may be reduced "'in the case of a defendant who has been

sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o)' and made retroactive pursuant to § 994(u)." *Dillon v. United States*, 560 U.S. 817, 824 (2010) (quoting 18 U.S.C. § 3582(c)(2)). However, ameliorative amendments to the Guidelines do not create a right to a sentence reduction. *United States v. Osborn*, 679 F.3d 1193, 1196 (10th Cir. 2012). Instead, courts have discretion whether to reduce a sentence. *Id.*

Courts follow a two-step inquiry. *United States v. Green*, 886 F.3d 1300, 1306 (10th Cir. 2018) (citing *Dillon*, 560 U.S. at 826-27). First, a court determines if a defendant is eligible for a sentence reduction, consistent with applicable policy statements issued by the Sentencing Commission in § 1B1.10. *See Dillon*, 560 U.S. at 824-26; *Green*, 886 F.3d at 1306. Second, a court considers whether the reduction is warranted under the factors set forth in § 3553(a) to the extent they are applicable. *See Dillon*, 560 U.S. at 824-26; *Green*, 886 F.3d at 1306-07. According to the application notes to § 1B1.10, a court must consider the nature and seriousness of the danger the reduction in sentence poses to any person or the community and may consider post-sentencing conduct of the defendant that occurred after imposition of the term of imprisonment. U.S.S.G. § 1B1.10, cmt. n. 1(B)(ii)-(iii); *Osborn*, 679 F.3d at 1195.

The Sentencing Commission amended the United States Sentencing Guidelines ("the Guidelines") effective November 1, 2023. *See* Sentencing Guidelines for United States Courts, 88 Fed. Reg. 28254-01, 2023 WL 3199918 (May 3, 2023). Prior to November 1, 2023, the Guidelines assessed two criminal history points, known as "status points," for an offense committed "while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status." U.S. Sent'g Guidelines § 4A1.1(d) (pre-amendment). As relevant here, in Part A of Amendment 821, the Commission altered the "status points" provision such that

4

a person who has seven or more criminal history points now receives only one additional "status point," instead of two. *See* U.S. Sent'g Guidelines § 4A1.1(e); 88 Fed. Reg. 28254-01 at 28270-73. The Commission determined that the above changes may apply retroactively. 88 Fed. Reg. 28254-01 at 28254.

## **ANALYSIS**

According to Defendant, he no longer meets the criteria for "status point", being under a criminal justice sentence, which under the current retroactive guidelines, reduces his criminal history category from V to IV. The parties agree that Defendant is *eligible* for a sentence reduction within the guideline imprisonment range of 92 and 115 months under § 3582(c)(2) based on Part A of Amendment 821, but they disagree on whether a reduction is appropriate based on § 3553(a) factors. Having considered the factors and the record, the Court finds that the § 3553(a) factors weigh against a sentence reduction.

Turning to the first § 3553(a) factor, the nature and circumstances of the offense and the defendant's history and characteristics, the Court finds that the nature of the offense does not warrant a reduction. Defendant committed a brutal murder of his domestic partner. Defendant admitted to law enforcement that he hit John Doe with a log, shovel, and a piece of metal. (PSR 4-5, ECF No. 37.) Defendant hit him in the face and the back of the head, causing "blunt force trauma to the head, torso, and bilateral upper extremities." (*Id.* at 5.) John Doe also suffered broken ribs and broken arms. (*Id.*) The violent manner of John Doe's killing does not warrant a sentence reduction.

Additionally, Defendant's extensive criminal history shows a pattern of escalating violent behavior. As detailed *supra*, he also has a long history of crimes stemming from or related to

alcohol abuse. Defendant's criminal history, including repeated violent behavior, weighs against a sentence reduction.

Further convincing the Court that a sentence reduction is not warranted is the need for the sentence "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;" to deter criminal conduct; and to protect the public from further crimes committed by the defendant. *See* 18 U.S.C. § 3553(a)(2)(A)-(C). Defendant's history of increasingly violent behavior shows that a sentence reduction will not protect the public from further crimes by him. The current sentence better reflects the seriousness of the brutal murder, will better promote respect for the law, and is a more just punishment.

Moreover, post-sentencing and while in custody, Defendant incurred the disciplinary infraction of Interfering with Taking and Fighting with Another Person. (Mem. 1, ECF No. 45.) This act also weighs against reducing his sentence. That Defendant completed three courses (Study of Human Body, Beginner Beading Course, and World Culture Ace Class) while incarcerated, (*see id.*), is not enough to overcome the factors the Court has considered herein.

The Court recognizes that the Commission amended the "status points" provision based on recent research suggesting "that 'status points' improve the predictive value of the criminal history score less than the original Commission may have expected." Sentencing Guidelines for United States Courts, 88 FR 28254-01 at 28273. But the Court also has discretion when analyzing § 3553(a) factors. Considering those factors, the Court will deny Defendant's motion to reduce sentence. *Cf. Osborn*, 679 F.3d at 1196 (affirming district court's decision to deny joint motion for sentence reduction, given the involvement of firearms on multiple occasions and the presence of prison disciplinary reports on defendant's record).

**IT IS THEREFORE ORDERED** that Defendant Randy Payton's *Opposed Motion for Sentence Reduction under Guideline Amendment 821* (**ECF No. 47**) is **DENIED**.

_____
**SENIOR UNITED STATES DISTRICT JUDGE**